UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GEORGE FOXX,

    Plaintiff,

v.                                      Case No. 8:11-CV-1766-T-17EAK

OCWEN LOAN SERVICING, LLC,
DEUTSCHE BANK, N.A. TRUST CO.
AS INDENTURE TRUSTEE UNDER
POOLING AND SERVICING
AGREEMENT DATED AS OF MAY
1, 2007 SECURITIZED ASSET
BACKED RECEIVABLES LLC
TRUST, 207 BR4, STEVEN J.
CLARFIELD, ESQ., ROBERT C.
OKON, ESQ.,

    Defendants.
_____/

### ORDER ON DEFENDANTS' MOTION TO DISMISS

This cause is before the Court on Defendants Steven J. Clarfield, Esq. and Robert C. Okon, Esq.'s Motion to Dismiss Plaintiff's Second Amended Complaint (Dkt. 49), Defendant Ocwen Loan Servicing, LLC's Motion to Dismiss Plaintiff's Second Amended Complaint (Dkt. 51), and the respective responses thereto (Dkt. 58, 55). For the reasons set forth below, Defendants' Motions to Dismiss are **GRANTED** with prejudice as to Count I. Upon consideration, this Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims in Counts, II, III, and IV. The following facts, gleaned from Plaintiff's Second Amended Complaint (Dkt. 48), are taken as true for the purposes of this motion.

## BACKGROUND

Plaintiff, George J. Foxx (hereinafter "Foxx"), brings the instant claim against Ocwen Loan Servicing, LLC (hereinafter "Ocwen"), Deutsche Bank Trust NA, and Steven J. Clarfield and Robert C. Okon (hereinafter the "Lawyer Defendants") for wrongfully foreclosing on his home. According to the complaint, The Lawyer Defendants are general counsel for Deutsche Bank. (Dkt. 48, ¶ 5). Ocwen is a group of business entities that facilitate mortgages, mortgage foreclosures and the collection of debts, (Dkt. 48, ¶ 3), and Deutsche Bank is an agent of Ocwen. (Dkt. 48, ¶ 4).

In the Court's previous Order, Counts I, II, III, IV, and VI of Foxx's Amended Complaint were dismissed without prejudice, Count V was dismissed with prejudice, and the Class Action allegations were dismissed without prejudice. (Dkt. 47). This Court provided Foxx with leave to amend as to Counts I, II, III, IV, and VI, allowing him to correct those flaws in his Amended Complaint that were fatal to his claim. Foxx has subsequently made changes in an effort to correct those flaws. According to Foxx's Second Amended Complaint, Foxx contends that Ocwen offered him the opportunity to enter a "Streamlined Modification Agreement" (hereinafter SMA), which was intended to reduce his monthly mortgage payments. (Dkt 48, ¶ 7). Foxx asserts that he sent a signed copy of the SMA along with the initial modified payment to Ocwen on May 22, 2011, intending to assert an acceptance of Ocwen's offer to enter the SMA. (Dkt. 48, ¶ 9). Foxx sent three additional payments, and because he believed that Ocwen accepted his payments, Foxx was led to believe his account would be considered current and not in default. (Dkt. 48, ¶ 12). On June 15, 2011, Deutsche Bank, through Defendant Attorneys, filed a foreclosure suit on behalf of Ocwen. (Dkt. 48, ¶ 10). Foxx contacted the credit reporting agencies (hereinafter "CRA") to dispute his debt, and subsequently sent over twenty (20) notices

to Defendants advising that he had initiated a dispute. (Dkt. 48, ¶¶ 13–14). On July 29, 2011, Defendant Attorneys advised Foxx that the SMA was not accepted by Ocwen, even though Ocwen continued to accept payments from Foxx (Dkt. 48, ¶ 15). Defendants failed to investigate the dispute reported by Foxx and failed to forgive the default after receiving payments from Foxx under the SMA. (Dkt. 48 ¶¶ 23, 26).

Based on the foregoing, Foxx now brings four claims: One each under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681–1681x (Count I); the Florida Consumer Collection Practices Act ("FCCPA") Fla. Stat. §§ 559.55–559.785 (Count II); the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") Fla. Stat. § 501.201–501.213 (Count III), and one for breach of contract. Foxx additionally requests punitive damages and relief for predatory and mean spirited strategies. He prays for injunctive relief, actual money damages of $260,000.00, statutory damages of $100,000.00 on each of Counts I and II against Defendant Ocwen, statutory damages of $100,000.00 on each of Counts I and II against Defendant Deutsche Bank, punitive damages of $2,700,000.00, and attorney's fees and costs. (Dkt. 48, at 15–16).

## STANDARD OF REVIEW

Federal Rule of Civil Procedure Rule 8(a)(2) requires that a plaintiff's complaint lay out a "short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). That said, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombley*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted).

Therefore, "to survive a motion to dismiss, a complaint must now contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th Cir. 2010) (quoting *Twombley*, 550 U.S. at 570). In considering a motion to dismiss, courts follow a simple, two pronged approach: "1) eliminate any allegations in a complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Id.* at 1290 (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009)). In sum, the "pleadings standard Rule 8 announces does not require 'detailed factual allegations,' but demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombley*, 550 U.S. at 555).

## DISCUSSION

Foxx has now filed a Second Amended Complaint. In the previous Order issued by this Court, Foxx was instructed as to the reasons for which his claims under the FCRA, FCCPA, FDUTPA, and breach of contract were dismissed without prejudice. (Dkt. 47 at 8–15). The Second Amended complaint, while an improvement over the Amended Complaint, persists with a number of grammatical errors and continues to exude an apparent lack of attention to detail, exemplified especially by the fact that Foxx alleges a "Count 6" without incorporating a Count III, or IV. (Dkt. 48 at 11). More troubling, however is the fact that Foxx has failed to comply with the requirements necessary to maintain a cause of action. The Court now turns to consider Foxx's claims.

### 1. The Lawyer Defendant's and Ocwen's Motions to Dismiss

#### A. FCRA

In Count I of Foxx's Second Amended Complaint, Foxx alleges that Lawyer Defendants failed to comply with the FCRA under 15 U.S.C. § 1681s-2(a)(1)(A), (Dkt. 49 ¶, 32), and that Defendants Ocwen and Deutsche Bank failed to comply with the FCRA under 15 U.S.C. § 1681s-2 (Dkt. 49, ¶ 28–35). The FCRA imposes two duties on furnishers of information: First, 1681s-2(a) requires furnishers of information to submit accurate information to CRA's; Second, under 1681s-2(b), furnishers must investigate and promptly respond to notices of consumer disputes. *Green v. RBS Nat'l* Bank, 288 F. App'x 641, 642 (11th Cir. 2008). Foxx was previously advised that there is no private right of action under 1681s-2(a). (Dkt. 47 at 9). Foxx was also advised that in order to bring a cause of action under 1681s-2(b), "a plaintiff must allege that the defendant received notice of the dispute from a consumer reporting agency." (Dkt. 49 at 9) (citing *Osborne v. Vericrest Financial, Inc.* No 8:11-cv-716-T-30TBM, 2011 WL 1878227, at *2 (M.D. Fla May 17, 2011)). Nonetheless, Foxx's Second Amended Complaint persists in attempting to assert a private right of action for a 1681s-2(a) violation, (Dkt. 48, ¶¶ 28, 32), and attempts to bring a cause of action for a violation of 1681s-2(b), (Dkt. 48 ¶¶ 28–31, 33–36), but again does not allege that the Defendants ever received notification of the dispute from a CRA.

In Foxx's Response to Lawyer Defendants' Motion to Dismiss (Dkt. 58), he states: "Plaintiff contends that the facts alleged in the complaint does [sic] state in plain and simple language that the Defendant Lawyer's, who furnished information to the CRA's in regards to Plaintiff's credit [sic]." (Dkt. 58, ¶ 1). From this statement, although difficult to follow and grammatically confusing, it appears that Foxx asserts that his Second Amended Complaint meets

the standards required to meet the requirements of Rule 8 of the Federal Rules of Civil Procedure as to Count I. However, neither this statement, nor any other language in Foxx's Response (Dkt. 58), nor any portion of his Second Amended Complaint, (Dkt. 48), adequately corrects or addresses the defect noted by the Court in its most recent Order regarding the fatal flaw of the FCRA claim. Failure to do so simply means that Foxx fails to set out a cause of action under the FCRA. Unfortunately, Foxx fails to recognize that for a valid claim under the FCRA, the plaintiff must allege that a CRA reported the dispute to the defendant. Otherwise an actionable claim under the statute is not triggered. It is insufficient for Foxx to only allege that he himself informed the furnisher of the existence of a dispute. The Court is now repeating itself with respect to the reason why Foxx's claim must fail. (Dkt. 47 at 9).

Both the Lawyer Defendants, and Ocwen have requested that the allegations against them in Count I of Foxx's Second Amended Complaint be dismissed with prejudice. (Dkt. 49, 51). While it is clear that Foxx has taken some steps to correct the many defects in his previous Amended Complaint (Dkt. 40), because there is no private right of action for violations of 15 U.S.C. § 1681s-2(a), and because Foxx has failed to allege anywhere in his Second Amended Complaint that Ocwen ever received the statutorily required notice from a CRA, Count I of Foxx's Second Amended Complaint must still fail. The Court has now provided two opportunities for Foxx to amend his complaint in a manner that presents a cognizable and valid claim, and yet Foxx fails to provide sufficient facts to sustain a cause of action under the FCRA. This Court's previous Order generously identified the fatal flaws in Foxx's Amended Complaint, and he has failed to correct the defects as to Count I. This Court now dismisses Count I with prejudice.

*B. Remaining State Law Claims*

This Court initially exercised proper subject matter jurisdiction over Foxx's Second Amended Complaint under 28 U.S.C § 1331 as Count I alleged a violation of 15 U.S.C. § 1681. Counts II, III, and IV of Foxx's Second Amended Complaint would otherwise be considered within this Court's jurisdiction under 28 U.S.C. §1367(a). However, following dismissal with prejudice of Count I of Foxx's Second Amended Complaint, pursuant to 28 U.S.C. § 1367(c)(3), this Court declines to exercise supplemental jurisdiction to hear Foxx's claims for violations under the FCCPA (Count II), FDUPTA (Count III), and breach of contract claim (Count IV). Where the only jurisdictional hook to this entire Second Amended Complaint is dismissed with prejudice, it is well within this Court's discretion to decline exercise of jurisdiction over any remaining state law claims. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966) (stating that "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law"). It is in the interest of judicial economy and fairness to the parties to decline further consideration of the procedural validity of Foxx's remaining state law claims. Standing on their own, these claims would be better suited for state court, where the complex issues involving the FCCPA, FDUTPA and breach of contract may be considered on their merits, rather than under a procedural rule. Accordingly, it is

**ORDERED** that Defendants' Motions to Dismiss **BE GRANTED** with prejudice as to Count I. This Court declines to retain supplemental jurisdiction over Foxx's state law claims. The Clerk of Court is **DIRECTED** to close this case and enter judgment for the defendants as to Count I of the complaint.

DONE AND ORDERED in Chambers, in Tampa, Florida, this 18th day of September, 2012.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All Parties and Counsel of Record